# CITY OF DANVILLE
## v.
## MARGARET MAKEMSON.

*Municipal Corporations—Defective Highway—Personal Injury—Negligence of City—Accident and Negligence Concurring—Estoppel.*

1. The erection by a city of an embankment in a highway fourteen feet high and thirty feet wide, a street car track with rails three inches high running just to one side of the center line thereof, constitutes negligence.

2. The use of a young and inexperienced horse does not necessarily constitute negligence.

3. The fact that the city has other streets, perfectly safe, which the plaintiff might have used, can not be urged in defense to an action for the recovery of damages for an accident due to its negligence.

4. Where a person, in the exercise of due care, is injured by the combined result of accident and negligence of a city, and the injury would not have occurred but for such negligence, the city will be liable.

[Opinion filed November 23, 1889.]

APPEAL from Circuit Court of Vermillion County; the Hon. E. P. VAIL, Judge, presiding.

Mr. GEORGE G. MABIN, for appellant.

Mr. W. R. LAWRENCE, for appellee.

WALL, J.   The appellant was impleaded by the appellee in an action on the case to recover damages sustained by reason of the defective condition of a certain street, known as Williams street, within said city.

Plea, not guilty; trial by jury and verdict for plaintiff for $900, upon which, a motion for new trial having been overruled, judgment was rendered by the Circuit Court.

The only point made by the brief of appellant is that the evidence does not support the verdict.   It appears that the street in question is a public and common thoroughfare in the city of Danville; that the ground being naturally quite low at the point where the injury occurred, the city had constructed an embankment in the center of the street about fourteen feet high and about thirty feet wide at the top.   South of the center line of this embankment a street car track was laid with iron rails projecting three inches above the surface. North of this track the space was fifteen feet wide.   There was no guard or railing of any kind on either edge of this embankment.   The plaintiff, with her husband, drove into the city in a two-horse wagon and passed onto this street. Presently one of the horses shied at a child's carriage, which was being pushed along the sidewalk, and the wagon in which

plaintiff was riding was overturned and thrown to the foot of the embankment, whereby the plaintiff was seriously injured. The negligence alleged is in not providing a guard or railing along the edge of the embankment. There is considerable evidence in the record as to the safety of the street as it was constructed, but we are not inclined to disagree with the conclusion of the jury that it was not reasonably safe. Nor is there any sufficient ground for the contention that the team was not properly managed, or that there was negligence in using one of the horses, which was young and somewhat unbroken. City of Joliet v. Verley, 35 Ill. 65.

It is also urged that the city had other streets which were perfectly safe and upon which the plaintiff might have entered the city. This street was devoted to public use, and under the circumstances and for reasons given by the witnesses it was the most convenient and accessible for the plaintiff. The city can not be heard to make the objection. The chief reliance of appellant seems to be in the position that the injury was due neither to negligence of plaintiff or defendant, but to the mere accidental circumstance that, from the cause named, the team took a sudden fright with the result stated.

It is the well settled rule in this State that if a person, while observing due care, be injured by the combined result of an accident and the negligence of a city, and the injury would not have been sustained but for such negligence, yet, although the accident be the primary cause of the injury, if it was one which common prudence and sagacity could not have foreseen or provided against, the negligent city will be liable for the injury. City of Joliet v. Verley, 35 Ill. 58; City of Bloomington v. Bay, 42 Ill. 503; City of Lacon v. Pace, 48 Ill. 500; Village of Carterville v. Cook, opinion recently filed at Mt. Vernon, unreported.

As already intimated we are of opinion the evidence sufficiently tended to show a want of proper care on the part of the city in permitting the street to remain at the point in question without protection, and it is also quite evident that the accidental fright of the team was not to be foreseen or guarded against in the exercise of such care as is ordinarily

required of those who use the streets of a city.   The instruc-
tions, to which no objection is urged, very fully and properly
advised the jury as to the law applicable in the case.   The
injury sustained by the plaintiff was quite serious and the
amount allowed by the jury was entirely within reason.

Upon the whole we are of opinion that justice has been
done and the judgment will be affirmed.

*Judgment affirmed.*