### St. Louis, A. & T. H. R. R. Co. v. James A. Odum.

1. EVIDENCE—*What is Not Negative Proof.*—Upon the issue as to whether the bell of a locomotive engine was rung at a highway crossing as required by law, the evidence of witnesses whose opportunity to see and know was such as to entitle their testimony to great weight, was, that the bell was not rung, so far as they heard. *It was held* not to be negative testimony in the sense that it was the testimony of witnesses who did not know whether or not a bell was rung.

2. RAILROADS – *Ringing the Bell at Highway Crossings, etc.*—The giv-

ing of four or five blasts of the locomotive whistle, or ringing of the bell for less than eighty rods before the reaching of the public crossing, is not a compliance with the law. The law requires that the whistle on the locomotive must be sounded eighty rods from the crossing and kept continuously sounding until the engine reaches the crossing, or the bell on the engine be rung eighty rods before reaching the crossing and kept continuously ringing until the engine reaches the crossing.

3. INSTRUCTIONS—*Assessment of Damages.*—An instruction which tells the jury to assess the plaintiff's damages at any sum they believe him entitled to from the evidence, is properly given.

4. INSTRUCTIONS—*Duty and Liability in Operating Trains.*—An instruction which informs the jury, if they believe from the evidence that plaintiff was free from negligence, and the defendant's servants were guilty of negligence in running a train over a crossing at a greater rate of speed than was usual or reasonably safe to persons about to cross the track, and that by reason of such neglect plaintiff was injured and damaged, he is entitled to recover, states the law correctly as to the duty and liability of appellant in operating its train, and submits the question of negligence to the jury, as a question of fact to be determined by them from the evidence.

5. RAILROAD COMPANIES—*Speed of Trains.*—While it is true the law does not limit the rate of speed at which railroad trains may be run in approaching highway crossings, outside of incorporated cities and towns, to a certain number of miles per hour, yet there is a duty imposed upon railroad companies to operate their trains with due regard to the safety of those traveling along the highway over such crossings. They are not to recklessly or carelessly run their trains at such a high rate of speed when approaching a highway, as to endanger the safety of travelers. They are to use reasonable care in running, managing and controlling their trains, with respect to speed, to avoid collisions at such crossings.

6. NEGLIGENCE—*Degrees of Care and Diligence.*—The degree of diligence required of such corporations in performing their duty, depends upon the circumstances of each case, and must be a degree of diligence amounting to reasonable care.

7. NEGLIGENCE—*What Will Support a Finding.*—The fact that a railroad train in approaching a highway crossing was running at a speed of thirty miles an hour, in violation of rules known to those in charge and control of the train limiting the maximum rate of speed to twenty miles an hour, that the crossing was much traveled by the public, also known to those in charge and control of the train, that at the time of the accident there was much dust upon the highway obscuring the view, and that there were obstructions preventing a person approaching the crossing on the highway from seeing far up the railroad track, will support a finding that defendant was guilty of negligence in running its train at a high rate of speed.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Williamson County; the Hon. ALONZO K. VICKERS, Judge, pre-

siding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

CLEMENS & WARDER, attorneys for appellant.

YOUNG & BAKER, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This was a suit brought by appellee to recover damages for personal injuries. The declaration contains two counts. In the first count the negligence charged is, that "the defendant then and there, by its servants, were carelessly and improperly driving and managing the said locomotive engine and caboose, by then and there running the said engine and caboose at a high and unreasonable rate of speed along said railroad, and the said defendant, by its servant aforesaid, was carelessly, improperly and negligently driving and managing said locomotive engine and caboose along on the said railroad near to the said crossing, by then and there allowing and permitting said engine to assume such a high rate of speed as to become dangerous, and uncontrollable by the said servants of the defendant who were so managing and running said engine, and that by and through the neglect and improper conduct of the defendant, by its servants in that behalf, the said locomotive engine and caboose then and there ran and struck with great force and violence against the said wagon, whereby the plaintiff was then and there thrown with great force and violence to and upon the ground." Then follows the averment of the resulting injuries to plaintiff.

The negligence charged in the second count, is failure to ring the bell or sound the whistle on the engine continuously, when approaching the crossing, as required by the statute, by reason of which neglect it is averred the collision with plaintiff's wagon occurred, and the injuries to him resulted. To this declaration defendant pleaded the general issue and the trial resulted in a verdict finding defendant guilty, and

assessing plaintiff's damages at $2,000. Defendant's motion for a new trial was overruled and judgment for the said amount and costs was entered. The plaintiff was riding in a wagon drawn by a yoke of oxen along the public highway toward the town of Mazon, and while in the act of crossing defendant's track at a point about one hundred and fifty yards outside of the corporate limits of Mazon, and where said highway crossed the track, defendant's train, consisting of an engine and caboose, coming down the track from the north, struck the wagon about the center; plaintiff was thereby thrown some distance and fell upon the ground, sustaining serious injuries.

A careful examination of the evidence in the record satisfies us the jury were fully warranted in finding defendant guilty of the negligence charged in the second count of the declaration; that such negligence caused the accident and injury to plaintiff; that he was in the exercise of reasonable care for his personal safety, when approaching and attempting to cross the track of defendant's road at the time he was injured, and that the damages assessed were not excessive. It is said, however, on behalf of appellant, that positive evidence established the fact of ringing the bell as required by the statute, and the evidence introduced by appellee to prove the averment that no bell was rung nor whistle was sounded on the engine continuously, as required by the statute, was negative in its character and not entitled to the same weight as positive evidence. On behalf of appellant, Higgins, the fireman, Webster, the engineer, Gilbert, the conductor, and Strong, the brakeman, testified the bell was rung and whistle sounded. Mathews testified the bell rung after alarm whistle sounded. Ten witnesses, whose attention was directed to the train at the time, and immediately before the accident, whose opportunity to see and know was such as to entitle their testimony to great weight, testified the bell was not rung so far as they heard, and the whistle was not sounded continuously, but some say they heard one, and some say two toots only, of the whistle. This testimony is not negative in the sense that it is the

testimony of witnesses who did not know whether or not a bell was rung or a whistle sounded, but as said in C., B. & Q. R. R. Co. v. Lee, 87 Ill. 254, "This is testimony not negative in its character. It is the evidence of witnesses whose attention was directed to what was transpiring, and the jury saw and heard them when testifying, observed the manner and demeanor of all the witnesses for plaintiff and defendant when upon the stand, and knew better than we can from the record, what weight should be given to the testimony of the several witnesses." I. C. R. R. Co. v. Slater, 129 Ill. 91. It is a fair conclusion also, from the evidence, that the neglect to give either of the signals as required by the statute induced plaintiff to proceed and attempt to cross, believing he would thereby incur no danger. There was testimony showing that the train was running at a rate of speed greater than that of passenger trains of defendant, which was thirty miles an hour. That the maximum rate of speed which, by the rules of defendant, the train in question was permitted to be run, was twenty miles per hour. That the plaintiff, when approaching the crossing and just before he drove on the track, used his sense of sight and hearing, looked both ways up and down the track, and neither saw nor heard the train, and Gray, a witness for plaintiff, testified he was going into Marion with a wagon drawn by mules, was behind plaintiff's wagon and had turned his mules' heads to pass plaintiff and cross, when he saw the train about ninety feet distant and then jerked his mules back. That he heard no bell ringing, but they gave one whistle when he first saw the train. It is quite manifest that if either of the signals had been given, and plaintiff thereby warned of the approach of this swiftly moving train, he would not have gone upon the track and exposed himself to the peril of a collision. The question of the care and caution of the plaintiff was one of fact for the jury to determine, and as before said, the evidence justified them in finding he was exercising reasonable care for his personal safety when approaching and attempting to cross the defendant's road. Complaint is made, however, that the court erred in

giving the fifth and seventh instructions for plaintiff. The fifth instruction is as follows:

" The giving of four or five blasts of the locomotive whistle, or ringing of the bell for less distance than eighty rods before the reaching of the public crossing, is not a compliance with the law. The law requires that the whistle on the locomotive must be sounded eighty rods from the crossing and kept continuously sounding until the engine reaches the crossing, or the bell on the engine be rung eighty rods before reaching the crossing, and kept continuously ringing until the engine reaches the crossing; and if you believe from the evidence that the whistle was not so continuously sounded, or that the bell was not so continuously rung, and by reason of such failure to ring the bell or so sound the whistle, the plaintiff, Odum, was lulled into a feeling of security in attempting to cross the railroad of defendant, and that he was exercising such care and caution for his own safety as would have been exercised by a reasonable, prudent man under like circumstances, then in such case you should find the defendant guilty, and assess the plaintiff's damages at such sum as you think him entitled to from the evidence."

In support of the objection to said fifth instruction, counsel for appellant cite T., St. L. & K. C. R. R. Co. v. Cline, 135 Ill. 44. The instruction in that case, referred to by counsel, omits the material statement found in this fifth instruction, that plaintiff "was exercising such care and caution for his own safety, as would have been exercised by a reasonable, prudent man under like circumstances." Furthermore, the court say in the opinion, that giving the condemned instruction would not, of itself, afford grounds for reversing the judgment in that case. We find no reversible error either in giving said fifth instruction. The seventh instruction was given as applicable to the first count of the declaration, which charges negligence in running defendant's train at a high and dangerous rate of speed, and is as follows:

" The court further instructs you, that if you believe from

the evidence that the plaintiff was free from negligence on his part in attempting to cross the track of the railroad, and the defendant's servants were guilty of negligence either in running over the crossing in question at a greater rate of speed than was usual and than was reasonably safe to persons about to cross the track, or in not ringing a bell continuously or sounding a whistle for a distance of eighty rods before reaching the crossing, and that by reason of such neglect the plaintiff and his property was injured and the plaintiff thereby damaged, then the jury should find the issues for the plaintiff, and assess his damages at any sum you believe him entitled to from the evidence." This instruction is objected to, because, 1st, by it the jury are told "that the running of a train over a crossing at a greater rate of speed than was usual, is negligence." 2d. "It authorizes the jury in case they find for the appellee to assess damages at any sum the jury may believe the appellee entitled to." The second ground does not fairly state the tenor of the instruction, nor was giving it, prejudicial to the defendant. The jury in assessing damages were restricted to the amount they believed from the evidence, plaintiff was entitled to, and the damages allowed were less than the amount claimed in the declaration, and no point is made that they are excessive; therefore, as to damages, the instruction did not prejudice defendant's rights. The first ground also does not fairly state the text or tenor of said instruction. By it the jury are informed, if they believe from the evidence that plaintiff was free from negligence, and the defendant's servants were guilty of negligence in running over the crossing at a greater rate of speed than was usual, and than was reasonably safe to persons about to cross the track, and that by reason of such neglect, plaintiff was injured and damaged, he was entitled to recover. This states the law correctly as to the duty and liability of appellant in operating its train, and submits the question of negligence to the jury as a question of fact to be determined by them from the evidence.

While it is true, the law does not limit the rate of speed

at which railroad trains may be run in approaching highway crossings outside of incorporated cities and towns to a certain number of miles per hour, yet there is a duty imposed upon railroad companies to operate their trains with due regard to the safety of those traveling along the highway over such crossings, and not to recklessly or carelessly run their trains at such a high rate of speed when approaching a highway, as to endanger the safety of such travelers, and to use reasonable care in running, managing and controlling their trains, with respect to speed, to avoid collisions at such crossings. The failure to perform this duty is negligence, creating liability to a person injured thereby, and free from negligence himself. The degree of diligence required of such corporations in performing the duty, depends upon the circumstances of each case, and must be a degree of diligence amounting to reasonable care. I. & St. L. R. R. Co. v. Stables, 62 Ill. 313; R. R. I. & St. L. R. R. Co. v. Hillmer, 72 Ill. 235; C. B. & Q. R. R. Co. v. Lee, 87 Ill. 454. Finding no error in giving the instruction, the remaining questions to determine are whether the evidence was sufficient to establish the fact that defendant was guilty of the negligence charged in said first count, and if so, did that negligence result in the injury complained of? As before stated the evidence justified the jury in finding that the train in question, when approaching the crossing, was running at a speed of thirty miles an hour, in violation of the rule, known to those in charge and control of the train, limiting the maximum rate of speed to twenty miles an hour; that the crossing in question was much traveled by the public; that this fact was also known to those in charge and control of the train; that at the time of the accident there was much dust upon the highway obscuring the view, and that there were obstructions preventing one approaching the crossing on the highway as appellee did, from seeing far up the railroad track. These and other circumstances in evidence would support the finding that defendant was guilty of negligence in running its train at a high and dangerous rate of speed as charged in the first count. It is also apparent from the

evidence that if the train had been running at and immediately before the accident, even at the maximum rate allowed by the said rule, the wagon would have been drawn across the track out of danger, and plaintiff would not have been injured. Hence, upon a careful consideration of all evidence, we have reached the conclusion that the liability of defendant under the first count, was fairly established. We perceive no good reason for reversing the judgment and it is affirmed.