HENRY C. MIDDAUGH

*v.*

OLIVER J. STOUGH.

*Filed at Ottawa May 12, 1896.*

1. CONTRACTS—*for the purchase of real estate—counter-proposition unaccepted.* An offer in a letter to purchase land on certain terms, and an answer thereto by the owner slightly but materially varying the terms proposed, which variation of terms was not assented to by the proposed purchaser, do not constitute a contract to convey the land.

2. CLOUD—*when incomplete negotiations are a cloud on title.* Incomplete negotiations by letter for the purchase and sale of a tract of land, which are recorded by the proposed purchaser together with his affidavit identifying the land and stating that he has purchased it, constitute a cloud upon the title of the owner, which equity will remove.

APPEAL from the Circuit Court of DuPage county; the Hon. C. W. UPTON, Judge, presiding.

M. L. RAFTREE, for appellant:

The letters of July 26 and 31, 1889, supplemented by the acts and conduct of the parties, constitute a valid contract for the sale by appellee and purchase by appellant of the lands in question. *Bonnewell* v. *Jenkins*, 8 L. R. Ch. Div. 70; *Rossiter* v. *Miller*, 3 L. R. H. of L. 1124; *Fairbanks* v. *Meyers*, 98 Ind. 192.

ELBERT H. GARY, for appellee:

The contract cannot rest partly in writing and partly in parol. *Van Kirk* v. *Scott*, 54 Ill. App. 681; *Longfellow* v. *Moore*, 102 Ill. 289; *Seymour* v. *Belding*, 83 id. 222; *Weaver* v. *Fries*, 85 id. 356; *Cloud* v. *Greasley*, 125 id. 313.

A letter written in reply to an offer, which re-states the terms of the offer but with some variations, though slight, cannot be regarded as the consummation of a contract, and requires an acceptance upon the terms thus stated, and until unequivocally accepted is only a mere proposition or offer. *Maclay* v. *Harvey*, 90 Ill. 525; *Hough*

v. *Brown*, 19 N. Y. (5 Smith,) 111; *Carr* v. *Duvall*, 14 Pet. 77; *Eliason* v. *Henshaw*, 4 Wheat. 225; Fry on Specific Per. par. 170; *Iron Co.* v. *Meade*, 21 Wis. 474.

Where an offer to sell is made to a distant correspondent by letter, and he declines the offer, he cannot afterwards assent to make it a valid purchase without assent of the other party. *Frith* v. *Lawrence*, 1 Paige, 434.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a bill filed by Oliver J. Stough on the fourth day of June, 1891, in the circuit court of DuPage county, to remove a cloud upon the title of certain real estate owned by him, viz., the east half of the south-east quarter of section 3, township 38, north, range 11, east of the third principal meridian, (except thirteen and one-half acres in the north-east corner thereof;) also the south fifty-three acres of the west half of the south-west quarter of section 2, township and range aforesaid.

Appellee lived in California, and for some time prior to the 26th day of July, 1889, had been in correspondence with appellant, who was seeking to purchase this land. On that day appellant wrote this letter to appellee:

*"July 26, 1889.*

*"O. J. Stough, Esq., San Diego, California:*

"DEAR SIR—Your favor of the 10th inst. received.  *  *  * In regard to the two fractional eighty-acre tracts north of me I cannot say much more than I have already said in my letter of February 12, 1889.    They are about as much run down as they can be by poor farming.    Flax this year on that too poor to raise oats.    Quack grass (about twenty acres) has taken possession entirely on the north-east corner,—fifty-two acres or fifty-three acres.    These lands are too far from railroad to be available for subdivision for a good many years.    I think I have offered you all they are worth at present.    The future uncertain, but to say I will not make an offer at any price.    I will, however, say I will pay you $11,000, or $92.50 per acre, as follows: $2000 cash, or all over $9000; balance five per cent, annual interest, on or before ten years after date.    Should be an abstract of title and merchantable deed."

To which letter appellee made the following answer:

"SAN DIEGO, CAL., *July 31, 1889.*

"*H. C. Middaugh:*

"DEAR SIR—Yours 26th is at hand. * * * I enclose an order on Perry for abstracts which I think I have, which may be brought to date. If they are lost I will instruct him about new ones and bringing down. If everything is right I will take $11,000 for what I have, more or less. The park, you know, takes off a little. You must pay the tax and I must have the rent, and you take possession fast as you can, subject to leases. Better not speak of sale to any one until you see that all is correct about title. Perry will only know that you are looking at title for some other purpose. In case I do not find any abstracts, will there be any need of doing any more than bringing yours down to date from me to the fifty-three acre lot? Five per cent seems a little low here. I have just made a loan of $20,000 at fifteen, and we do nothing less than twelve per cent at bank. I have never thought of anything less than $20,000 for my sixty acres east of you, but if you can get an offer of $12,000 at any time, let me know. This is really village property, and is nearer and far better than the Robbins House place. It would make some city man a fine home.

"The weather is so lovely here I do not want to go back, and I can make up here all I lose there on property. In fact have made so much here I do not care for that.

"Yours truly,          O. J. STOUGH.

"P. S. If abstracts are in my vault you had better look at them as they are, and then have Perry get brot. down."

On the same day appellee wrote to Perry:

"D. L. P.:

"Let H. C. Middaugh have the abstracts to my two lots north of him.          O. J. STOUGH."

"*July 31, 1889.*

The abstracts of title were examined by appellant and the title found defective. Appellee was notified of the defects, and he came on to Chicago and had an interview with appellant there in regard to the sale of this land. Appellee offered to complete the sale by making a quit-claim deed, but appellant would not accept that, demanding a warranty deed. This was refused. About March,

1890, appellant had the above letters recorded on the records of DuPage county, together with his affidavit identifying the lands referred to in the letters, stating that he had purchased the lands in good faith and was ready to consummate the sale. The bill sets forth these letters, and alleges that the terms of sale were never consummated or agreed upon by the parties; that the letters were recorded and now constitute a cloud upon complainant's title, preventing him from disposing of the property. On September 16, 1891, Middaugh filed his answer, denying that the terms of sale were not completed or agreed upon between complainant and defendant, but averring that "all of said terms were fully agreed upon between complainant and defendant, and were carried out and consummated in good faith by defendant, so far as it is possible for defendant to do so, and that the only reason said sale was not entirely consummated was owing to the fault of complainant to carry out his part of said agreement." Middaugh then filed a cross-bill alleging the contract, and praying a specific performance. Upon the hearing the cross-bill was dismissed and relief granted as prayed in the original bill. To reverse this decree an appeal is prosecuted to this court.

The agreement between the parties for the conveyance of this land, if it exists at all, is to be found in the letters above set forth, and the only question in this cause is, do they constitute such a contract? Appellant's letter of July 26, 1889, is an offer to pay appellee a certain sum for the land, naming the terms of payment. Appellee's reply is not simply an unqualified acceptance of the proposition, but is more. It accepts appellant's offer *provided* the latter pay the tax on the land, and appellee to receive the rent, defendant to take possession as fast as he can, subject to the leases. There were other provisions, such as that the sale would be completed "if everything is right." Appellee also wanted to know how far back the abstract to "the fifty-three acre lot" should

be extended.   There is no evidence of any kind that these new propositions were ever agreed upon by the parties. That they were material cannot be questioned.   Appellee's letter having re-stated the terms of appellant's proposition with material changes therein, it required an acceptance of the additional terms on the part of appellant, and however slight may have been the variation it had the effect of changing appellee's letter into a new proposition, and until unequivocally accepted there was no contract.   *Maclay* v. *Harvey*, 90 Ill. 525,—citing *Hough* v. *Brown*, 19 N. Y. (5 Smith,) 111.   Also, see *Corcoran* v. *White*, 117 Ill. 118.

We think the decree of the circuit court was proper, and it will accordingly be affirmed.      *Decree affirmed.*