THE VILLAGE OF CULLOM

*v.*

DRUSILLA JUSTICE.

*Filed at Ottawa May 12, 1896.*

1. NEGLIGENCE—*traveling on bad sidewalk not negligence per se.* Going upon a sidewalk known to be out of repair is not in itself negligence.

2. SAME—*what care is required in use of sidewalk known to be bad.* One traveling upon a sidewalk known to be out of repair must exercise the care of a reasonably prudent person, and whether or not he has done so is for the jury.

3. EVIDENCE—*facts bearing upon degree of plaintiff's care are competent.* One suing for injury received from a defective sidewalk may testify that the street lamp was not lighted, although that fact is not charged in the declaration as a substantive ground of negligence, it being a circumstance bearing upon the degree of plaintiff's care.

4. INSTRUCTIONS—*what is a proper modification.* An instruction which attempts to tell the jury that a plaintiff cannot recover for a present bodily condition not resulting from an injury received on a defective sidewalk, may properly be modified so as not to deprive the jury of the right to give damages for other injuries not connected with such present condition.

*Village of Cullom* v. *Justice,* 59 Ill. App. 304, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Livingston county; the Hon. ALFRED SAMPLE, Judge, presiding.

C. C. STRAWN, and A. C. NORTON, for appellant.

W. T. AMENT, and N. J. PILLSBURY, for appellee.

Per CURIAM: This action was brought by appellee to recover for injuries alleged to have been sustained by her from a fall on a sidewalk in the village of Cullom, which sidewalk was alleged to have been out of repair. Upon a trial of the case in the circuit court a verdict was returned in her favor for the sum of $1000, on which judgment was rendered. On appeal to the Appellate Court

for the Second District this judgment was affirmed, from which this appeal is prosecuted to this court.

The opinion of the Appellate Court, delivered by LACEY, P. J., fully states all the facts of the case and the questions involved, and is as follows:

"This was a case brought by the appellee, against the appellant, to recover damages for injuries received by appellee, while walking along a defective sidewalk of the appellant, stepping into a hole and falling on the sidewalk and ground.  It is alleged in the declaration that the appellant failed to perform its duty towards the appellee in maintaining and keeping in good repair a certain sidewalk in the said village; that the appellant negligently suffered the planks in the sidewalk to be and remain in a broken condition, whereby portions of the planks of the said sidewalk were removed, leaving a hole in the sidewalk, by means whereof the plaintiff stepped into said hole and fell and was injured.  The case was tried before a jury, and the trial resulted in a verdict for the appellee for $1000.  Motion was made by appellant for a new trial and arrest of judgment, both of which were denied by the court and judgment rendered on the verdict.

"Appellee was the wife of David Justice, and was fifty-two years old, and had lived in Cullom eight years, on Jackson street, which ran east and west, her house fronting to the south.  The street was south of her lot, and there had been a sidewalk built on the north side of the street three years before.  There was no sidewalk on the south side of the street.  The evidence tended to show that appellant received her injury April 9, 1893, on this sidewalk, in the evening after church; that when she received the injury she was coming west on Jackson street on the sidewalk; that when she was on the sidewalk opposite to the lot east of her dwelling her foot went into the sidewalk and she was thrown down; that there were two boards broken loose at the end, and they

were out on the north side of the walk; that her right
foot went into the hole and she fell her whole length on
the sidewalk, causing injury and rupture; that there was
no street lamp lighted that night; that it was a rainy
night—sprinkling, but not raining very hard; that she
knew that the boards were broken off, and had been all
summer before that; that she tried to keep in the middle
of the walk as near as she could, but it was so dark that
she could not see; that she was walking slowly.     The
result of the injury was great suffering of pain, rest-
lessness, black spots on her knees and her knee badly
swollen.     On her left side, on the lower part of her bow-
els, her bowels came through under the lining of the skin
in a large bunch, and she was confined to her bed.  Before
she was hurt she was able to do her own work.   Her fam-
ily consisted of her husband, a boy and a boarder.   After
she was hurt she did her own cooking, but not her wash-
ing and ironing.   She got worse up to January, and then
had an operation performed.   The doctor cut open her
side and sewed up the lining of her bowels again.   Since
then she suffers if she works hard, but her bowels don't
come down.   She used to do all her washing and baking
in one day, but after the injury she could scarcely do
anything but what she has to lie down on the lounge.

"The appellee, when on the witness stand, was asked,
'How long had you known that lamp to be on the corner
before you were injured?'   The appellee was allowed to
answer this question against the objection and excep-
tions of the appellant, and answered 'that it had been
there some time, but she did not know how long.'   The
evidence tended to show that this defect had been in the
sidewalk at the point where the injury occurred, as well
as other defects in that vicinity, since January preceding
the accident.   The appellant was a village of about three
hundred people.

"It is claimed by the appellant that the evidence fails
to support the verdict of the jury, both as to the negli-

gence of the city in not keeping the sidewalk in good repair, and that the appellee was negligent in going on the sidewalk knowing it to be out of repair.    It is also insisted that appellee's experience about a year previous, in child-birth, furnishes a reasonable theory for the cause of the rupture of which she now complains.    These were all facts to be tried by the jury, and after a careful examination of the evidence we are satisfied that the verdict of the jury was fully sustained thereby.

"Appellant's counsel argues at some length, from the evidence, that the appellee was negligent and that the injury was the result of child-birth.    We do not think it necessary to go into a critical examination of the evidence on these points, but, as before stated, the jury was justified in finding for appellee.    It is not a conclusive question of law that appellee would be negligent by going upon the sidewalk merely because she knew it was out of repair.    Notwithstanding this fact she would have a right to travel on the sidewalk, if in doing so, and under all circumstances, she was exercising the care of a reasonably prudent person,—and this, like every other question of fact, was for the jury.    This is a principle so well established that no authorities need be cited.

"Quite a number of objections are made to the introduction of evidence in favor of appellee allowed by the court.    Some of the objections are so unsubstantial that they need not be noticed.    The objection that she was allowed to testify that the street lamp was not lighted, because the declaration did not charge that as a ground of negligence on the part of the appellant, is not well taken.    This was one of the surrounding circumstances that the jury might take into account bearing upon the question of the appellee's care in the manner of her traveling on the sidewalk and also in her going on it, and it was not introduced or relied upon as ground of recovery.    We do not deem it necessary to notice any further objections to the evidence.

"We think the appellant's objections to the instruction of appellee are not well taken. It is objected to appellee's second instruction that it assumes that appellee was injured on the walk and that her injuries were the result of such fall. We do not think the instruction bears such an interpretation or that the jury was misled by it. The instruction was only intended to inform the jury of the law that she had a right to go onto the sidewalk notwithstanding the fact she knew that it was defective, provided she was not guilty of negligence in doing so,— and this could easily be seen by the jury from the reading of the instruction.

"There was no error in the modification made by the court in appellant's tenth and fifth instructions.

"The modification of the appellant's eleventh instruction is particularly relied on as error. It is as follows:

" 'Even if you should believe, from the evidence, that the walk was in a defective condition, and that Mrs. Justice did fall on the same in consequence of such defective condition, yet if you further believe, from the evidence, *that she was not injured thereby, and* that her subsequent and present condition is in fact the result of some other disorder, and that she is erroneously claiming that her present condition is the result of such fall, then you should not allow her anything for such condition.'

"The above italicized words were the modification made by the court complained of. In the first place, the instruction announced almost a self-evident proposition, which the jury would readily understand without an instruction; but as it was first drawn it was not clear that it did not deprive the jury of the right to give damages for the injury received and not connected with her then present condition, and the modification was apparently made to cover that point. The modification did not injure the instruction, so far as appellant's counsel was trying to tell the jury, through the court, that the appel-

lee could not recover for injuries not the result of the fall, so we see no error in the modification.

"We see no error on the part of the court in refusing several duplicate instructions. So far as the action of the court is concerned in such refusal it is to be commended.

"Seeing no error in the record the judgment of the court below is affirmed."

All questions of fact are settled by the Appellate Court in this case. As to the errors assigned in the admission of evidence on the part of appellee and in the giving and refusing of instructions, we fully concur with the views expressed in the foregoing opinion.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT took no part in the decision of this case, having been a member of the Appellate Court for the Second District when it was there decided.