## City of Streator v. Emily Chrisman.

1. CITIES AND VILLAGES—*Chargeable with Notice of Defects in Sidewalks.*—A city is chargeable with notice of defects in a sidewalk where the defect is of such a nature that the city authorities could, in the exercise of reasonable diligence, have ascertained its existence and repaired it.

2. SAME—*Knowledge of Defects by Injured Person.*—Although a person passing along a sidewalk knows it is out of repair, he may, notwithstanding such knowledge, recover for a personal injury occasioned by the defective walk, if he uses ordinary and reasonable care to avoid it.

**Action in Case,** for personal injuries. Trial in the Circuit Court of LaSalle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed April 11, 1899.

P. J. LUCEY, attorney for appellant.

The exposure of person or property to injury with knowledge of the danger to which the same is exposed, is undoubtedly evidence of negligence as a matter of fact. Therefore, if a person attempts to pass over a sidewalk, bridge, or other structure, knowing the same to be in a dangerous condition, and in such attempts receives injury, his knowledge of the danger will presumptively establish contributory negligence. Village of Clayton v. Brooks, 150 Ill. 97; Wakely v. Town of Boswell (Ind.), 48 N. E. Rep. 637.

A plaintiff, who heedlessly rushes into known danger, is guilty of such negligence as will preclude a recovery. City of Macomb v. Smithers, 6 Ill. App. 470; City of Peoria v. Adams, 72 Ill. App. 662; City of Centralia v. Baker, 36 Ill. App. 48; City of Centralia v. Krouse, 64 Ill. 19; Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416.

Although the question of negligence is ordinarily one of fact for the jury to determine, still the Appellate Court may find from the testimony, the verdict of the jury to the contrary notwithstanding, that the evidence of negligence on the part of the plaintiff is sufficient to preclude a recovery. C. & N. W. R. R. Co. v. Sweeney, 52 Ill. 325; T., P. & W. R. R. Co. v. Head, 62 Ill. 233; C. & A. R. R. Co. v. Jacobs, 63 Ill. 178; C., B. & Q. R. R. Co. v. Lee, Adm'x, etc., 68 Ill. 576.

A party has no right to knowingly expose himself to danger and then recover damages for an injury which he might have avoided by the use of reasonable precaution. City of

Chicago v. Richardson, 75 Ill. App. 202; citing Lovenguth v. City of Bloomington, 71 Ill. 238.

If a person knows a sidewalk to be in a dangerous condition when he enters upon it, he can not, in the exercise of ordinary prudence, proceed and take his chance, and if he shall actually sustain damage, look to the town for indemnity. City of Chicago v. Richardson, 75 Ill. App. 202.

In an action to recover for a personal injury on the ground of negligence in the defendant, the burden of proof is upon the plaintiff, to establish either that he was in the exercise of due care, or that the injury was in no degree attributable to any want of ordinary care on his part. If he shows that he brought the injury on himself, by his own carelessness, he can not recover. Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416; C. & A. R. R. Co. v. Gretzner, 46 Ill. 75; City of Bloomington v. Read, 2 Ill. App. 547; El Paso v. Causey, 1 Ill. App. 531.

H. H. DICUS and McDOUGALL & CHAPMAN, attorneys for appellee.

A city having charge of streets is charged with the duty of keeping them in a condition reasonably safe for travel, and is bound to exercise reasonable diligence to ascertain the existence of defects and to make repairs. Mt. Vernon v. Cockrum, 59 Ill. App. 540; Pana v. Taylor, 56 Ill. App. 60.

A city is liable for injuries received where the city authorities know, or can know, by an ordinary degree of diligence, that their streets are out of repair and in a dangerous condition, and when sufficient time after notice elapses in which to make the necessary repairs before the injury is received. City of Peru v. French, 55 Ill. 317; City of Bloomington v. Bay, 42 Ill. 503; City of Joliet v. Verley, 35 Ill. 58.

Whether a city is chargeable with notice of defects in a sidewalk for a sufficient length of time before an injury to have repaired it, is a question of fact for the jury. City of Decatur v. Besten, 169 Ill. 340.

Notice may be presumed after the lapse of such time that, by the exercise of reasonable diligence, notice might have been had. Sterling v. Merrill, 25 Ill. App. 596; Salem v. Harvey, 29 Ill. App. 483; Chicago v. Hoy, 75 Ill. 530; Springfield v. Doyle, 76 Ill. 202; Joliet v. Seward, 99 Ill. 267; Chicago v. Dalle, 115 Ill. 386; Sterling v. Merrill, 124 Ill. 522.

Appellee was not guilty of such negligence as would preclude a recovery simply because she went upon a sidewalk after she knew it was dangerous. Ellis v. Peru, 23 Ill. App. 35; Lovenguth v. Bloomington, 71 Ill. 238; Aurora v. Hillman, 90 Ill. 61; Aurora v. Dale, 90 Ill. 46; City of Mt. Sterling v. Crummy, 73 Ill. App. 572; Joliet v. Conway, 17 Ill. App. 577; Osborne v. Detroit, 32 Fed. Rep. 36.

Although a person goes upon a sidewalk knowing it to be out of repair, recovery may be had for the injury received if ordinary and reasonable care has been used. City of Chicago v. Fitzgerald, 75 Ill. App. 174; City of Flora v. Naney, 136 Ill. 45.

The use of a sidewalk, with knowledge of its dangerous condition, may be evidence of negligence, but it is not negligence as a matter of law. Owen v. City of Chicago, 10 Ill. App. 465; City of Springfield v. Rosenmeyer, 52 Ill. App. 301; City of Chicago v. Fitzgerald, 75 Ill. App. 174; City of Sandwich v. Dolan, 141 Ill. 430; Village of Clayton v. Brooks, 150 Ill. 97.

Whether or not appellee was in the exercise of ordinary care for her own safety, under all the circumstances, was a question of fact for the jury. Mechanicsburg v. Meredith, 54 Ill. 84; Lovenguth v. Bloomington, 71 Ill. 238; Railroad Co. v. Bonifield, 104 Ill. 223; Pennsylvania Co. v. Frana, 112 Ill. 398; Chicago v. Keefe, 114 Ill. 222; Railroad Co. v. Hutchinson, 120 Ill. 587; Pomfrey v. Village, 104 N. Y. 459; Cullom v. Justice, 59 Ill. App. 304; Virginia v. Plummer, 65 Ill. App. 419; Cullom v. Justice, 161 Ill. 372.

Mr. Justice Higbee delivered the opinion of the court.

Appellee, while walking along a street of the city of Streator toward her home, about ten o'clock at night on

August 7, 1897, was tripped by a loose board in a sidewalk which was stepped upon by a companion with whom she was walking, and thrown down, receiving injuries to her back, shoulder and hand, for which she sued the city and recovered a verdict for $1,000. A judgment was entered by the court for that amount and the city appealed therefrom to this court.

It was shown by the evidence, and is not questioned, that the boards in the sidewalk were loose at the time and place in question, and that appellee, by reason of such defect in the walk, received a fall and suffered certain injuries. It was contended, however, that the defect had not existed for such a length of time, nor was it of such a nature as to charge notice thereof upon the city, and most of the evidence in the case was introduced upon that question.

Four witnesses, including appellee, swore positively that they passed over the walk frequently and that the boards were loose for from two to four weeks prior to the accident; on the other hand some eight witnesses introduced on the part of appellant testified that they had used the walk often during said time and never noticed any loose boards, and one other witness for appellant said he noticed the loose boards on the day of the accident but not before. None of them, however, would swear positively there were no loose boards before that time, though the section foreman who had charge of the railroad crossing at the place where the accident occurred, testified that he examined the walk in question a week before the accident and could then discover no loose boards. While the evidence is not conclusive, we think it sufficient to justify the jury in finding that the defect had existed for a sufficient length of time and was of such a nature that the city could, in the exercise of reasonable diligence, have ascertained the existence of the defect and repaired it.

It is contended that appellee knew of the defect in the walk and was therefore guilty of contributory negligence in going upon it.

Although a person passing along a sidewalk may know

it is out of repair, he may, notwithstanding such knowledge, recover for a personal injury occasioned by the defective walk, if he uses ordinary and reasonable care.    City of Flora v. Naney, 136 Ill. 45.

Whether due care was exercised in using a sidewalk knowing it to be out of repair, is a question of fact for the jury. Village of Cullom v. Justice, 161 Ill. 372.

The instructions given on both sides fairly presented the law governing the case to the jury.    We can not say that their verdict was clearly unwarranted by the evidence, and we are therefore not disposed to disturb it.

We would have been better satisfied had the damages been assessed by the jury at a smaller amount, but they are not sufficiently large to warrant a reversal on that account alone, and the judgment of the court below will be affirmed.