## City of Savanna v. Adelbert Trusty.

1. Sidewalks—*Rights of Persons Upon.*—Notwithstanding the fact that a person has knowledge that a sidewalk is out of repair, he still has the right to travel upon it, if in so doing, under all the circumstances, he exercises the care of a reasonably prudent person, and although in passing over it he may know that it is out of repair, he may, notwithstanding such knowledge, recover for a personal injury occasioned by such defects, if he has used ordinary and reasonable care while upon it.

2. Same—*Rights of Pedestrians to Assume that a Municipality has Discharged Its Duty in Relation to Its Sidewalks.*—In the absence of knowledge or notice of the defective condition of a sidewalk, a pedestrian has the right to assume that the municipality has discharged its duty with reference to keeping its walks in a reasonably safe condition.

3. Notice—*A Question for the Jury—Sidewalks.*—The jury, under proper instructions as to the law, must be left to determine from the evidence what lapse of time is necessary to charge a city with constructive notice of a defective condition of its sidewalks, and an instruction which takes this question from them, is erroneous.

4. Same—*To Officers whose Duties in No Way Relate to the Care of Streets.*—Notice of the defective condition of sidewalks to a city treasurer, police magistrate or other municipal officer whose duties in no way relate to the care of streets, is not notice to the city so as to charge it with liability.

5. Instructions—*Which Take from the Jury the Right to Determine All Questions from the Evidence.*—In an action against a city for personal injuries resulting from a defective sidewalk, an instruction which takes from the jury the right and duty to determine from all the evidence whether the city has exercised reasonable care to keep the sidewalk under consideration in a reasonably safe condition, and assumes that if the street commissioner inspected it from three to ten days before the accident and from such inspection it appeared to him to be reasonably safe, that the city had discharged its duty, is erroneous.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Carroll County; the Hon. John S. Baume, Judge, presiding. Heard in this court at the October term, 1901, Affirmed. Opinion filed November 15, 1901.

D. S. Berry and B. F. Lichtenberger, attorneys for appellant.

D. & T. and J. M. Sheean, attorneys for appellee.

Mr. Justice Brown delivered the opinion of the court.

Adelbert Trusty brought an action on the case against

the city of Savanna to recover compensation for personal injuries alleged to have been received by him on May 20, 1899, in consequence 'of a defective sidewalk.

The case is before this court a second time. Upon the former hearing the cause was reversed and remanded. The opinion is reported in 93 Ill. App. 487. Upon the first trial the plaintiff recovered a judgment for $4,000 and upon the second for $1,000.

Additional evidence was introduced upon the second trial and while there is a conflict in the evidence as to the condition of the sidewalk at the time in question, yet there is sufficient to sustain the jury in finding that it was defective and that the city had actual notice of its condition, or could have ascertained the condition, by the exercise of ordinary care, in time to have repaired it before the accident and injury to the plaintiff.

The plaintiff was a laboring man earning a dollar and a half a day at the time of the accident. There is evidence tending to show that he was totally disabled to work for months; that there was an injury to the spine from which he may never recover, and that he will never be able to again perform the work he was able to do before he was injured.

We find no error in the rulings of the court on the admission or rejection of evidence.

Defendant's eighteenth instruction was properly refused. The jury, under proper instructions as to the law, must be left to determine from the evidence what lapse of time is necessary to charge the city with constructive notice of a defective condition of its sidewalks.

This instruction would have taken that question from the consideration of the jury. Village of Coffeen v. Lang, 67 Ill. App. 359.

The instruction also stated that if the sidewalk in question was inspected by the street commissioner from three to ten days prior to the date of the accident and then appeared to him to be reasonably safe and secure, the city would not be liable for damages sustained by the plaintiff by reason of any defect therein, unless the jury believed

City of Savanna v. Trusty.

from the evidence that the city or some of its officers, had actual notice of the defect and failed to report the same, or that by the exercise of reasonable care and diligence the city might have ascertained the defect.

The instruction takes from the jury the right and duty to determine from all the evidence whether the city exercised reasonable care to keep the sidewalk in a reasonably safe condition. It assumes that if the street commissioner inspected the sidewalk from three to ten days before the accident and from such inspection it appeared to him to be reasonably safe, the city had discharged its duty. This was error. The jury must determine whether the city discharged its duty in this respect. In so doing it is proper for the jury to take into consideration the degree of care, or want of care, exercised by the street commissioner in making the inspection. The jury might properly, under a given state of facts, hold that the inspection was so carelessly or indifferently made as to be of no aid in determining the actual condition of the walk, whereas had the inspection been carefully made it might have disclosed the very defect overlooked, and which subsequently resulted in injury to the party using the walk.

But the question is for the jury, and not the street commissioner, to determine whether the city used the required degree of care to keep the walk in a reasonably safe condition.

The instruction is erroneous in assuming that notice of the defective condition of a sidewalk, given to any city officer, is notice to the city. Manifestly a notice to the city treasurer, police magistrate or other city officer whose duties in no way relate to the care of streets, would not be notice to the city. However, this error militates most strongly against the defendant, and it could not have harmed the plaintiff had the instruction been given, if this were the only objection, but it was not.

The defendant's twenty-first and twenty-fifth instructions were properly refused because they told the jury that it might have been the duty of the plaintiff to use more than ordinary care and caution for his own safety.

. The defendant's twenty second and twenty-third instructions are upon the theory that if the plaintiff might have ascertained that the walk was unsafe he should not have used it, or if the city provided another safe route (in this case the street in question which was macadamized) and the plaintiff knew or had notice the walk was defective, he should have walked upon the macadam road and not attempted to use the sidewalk.

The contentions are untenable and in conflict with the well settled law of this State. It was held in Village of Coffeen v. Lang, *supra*, that notwithstanding the fact that a person has knowledge that a sidewalk is out of repair, he still has the right to travel upon it, if, in so doing, and under all the circumstances, he exercises the care of a reasonably prudent person. In City of Streator v. Chrisman, 82 Ill. App. 24, relying upon City of Flora v. Naney, 136 Ill. 45, and upon Village of Cullom v. Justice, 161 Ill. 372, we said: Although a person passing along a sidewalk may know it is out of repair, he may, notwithstanding such knowledge, recover for a personal injury occasioned by the defective walk, if he uses ordinary and reasonable care. To the same effect is City of Streator v. Chrisman, 182 Ill. 215.

The fact that the city had another safe route which the plaintiff might have used does not bar his right of recovery. (City of Danville v. Makemson, 32 Ill. App. 112.) We have considered all of the defendant's refused instructions to which our attention has been called in argument. The reasons assigned for sustaining the trial court in rejecting defendant's refused instructions justify the giving of the plaintiff's eleventh instruction, the only one as to which objection is made by the defendant.

In the absence of knowledge or notice of the defective condition of the sidewalk the plaintiff had a right to assume that the city had discharged its duty with reference to keeping the walk in reasonably safe condition.

The verdict is not excessive. Finding no error in the record the judgment of the Circuit Court will be affirmed.