## City of Harvard v. Freeman Wilson.

1. NEGLIGENCE—*Traveling upon a Sidewalk with Knowledge of Its Dangerous Condition.*—The fact that a person goes upon a sidewalk which he knows to be in a dangerous condition, is not negligence *per se*, but it is a question of fact for the jury whether, in passing over the walk, such person was or was not in the exercise of ordinary care for his personal safety.

**Trespass on the Case,** for personal injuries.   Appeal from the Circuit Court of McHenry County; the Hon. CHARLES E. FULLER, Judge, presiding.   Heard in this court at the October term, 1901.   Affirmed. Opinion filed January 24, 1902.

C. J. HENDRICKS, City Attorney, and C. P. BARNES, attorneys for appellant.

JOHN B. LYON and D. T. SMILEY, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellee against appellant, the city of Harvard, to recover damages for injuries alleged to have been sustained by him through a defective sidewalk within the corporate limits of said city.   The declaration contained four counts, charging negligence on the part of the city in the construction and care of the sidewalk, and that by reason of its unsafe and dangerous condition, appellee, while in the exercise of ordinary care, was unavoidably tripped, thrown down and injured.   The general issue was pleaded.   There appear to have been three trials of this cause in the Circuit Court.   The first resulted in the disagreement of the jury, the second in a verdict in favor of appellee for $250, and the third in a verdict for appellee for $500.

Appellee lived in the city of Harvard and for twenty-five years was the agent in that place of the American Express Company, receiving at the time he was injured a salary of seventy dollars a month.

On the evening of May 28, 1897, while going from his home to his office by his usual and customary route, he was

tripped and thrown down by a loose board in the sidewalk. He suffered a severe sprain of the ankle which confined him to his bed for several days and prevented him from attending to his business as express agent for about three months and a half. It appears that he still suffers pain and his physician testified that he will never entirely recover from the effects of the fall. The walk at the place where appellee was injured was made of short boards laid crosswise on stringers and was originally built in 1885. For more than a year many of the boards in the walk were loose, and while there were attempts on the part of the city from time to time to make repairs, the stringers had become so rotten that they would not hold the nails well, and the defective condition of the walk was not remedied by such work.

The evidence showed that appelee knew of the condition of the walk and that the city authorities either knew of it or could have known it by the exercise of reasonable care.

Appellant insists that appellee, knowing of the condition of the walk, should not have gone upon it, especially as he had not fully recovered from an accident by which his ankle was injured, which occurred the previous February.

The fact that a person goes upon a sidewalk which he knows to be in a dangerous condition is not, however, negligence *per se;* but it is a question of fact for the jury whether, in passing over such a walk, the person so doing, was or was not in the exercise of ordinary care. City of Sandwich v. Dolan, 141 Ill. 430; Village of Cullom v. Justice, 161 Ill. 372. Two juries have found that appellee was, at the time he was injured, in the exercise of ordinary care for his own safety and that his injury was the result of the negligence of appellant. From the record before us we are satisfied that the evidence fully warrants such a finding.

Objection is made by appellant that improper instructions were given for appellee. While it is true there were some minor inaccuracies in the instructions so given, yet they were not such as could have misled the jury upon the questions in issue and were not of sufficient importance to

warrant a reversal of the judgment in a case such as this, where substantial justice has been done.

We find no error of any gravity in the admission or rejection of evidence.

The judgment of the court below is therefore affirmed.