# THE CITY OF FLORA.

*v.*

## LAURA E. NANEY.

*Filed at Mt. Vernon January 24, 1891.*

1. NEGLIGENCE—*defective sidewalk—duty and liability of the municipality.* The fact that a sidewalk is in the suburbs of a city, and upon a street but little used, or built by a private person with the knowledge and consent of the city authorities, will not relieve the city from liability for an injury caused by such walk being out of repair and permitted to remain out of repair, and in an unsafe condition, after notice. It is the duty of a city to keep its sidewalks in a reasonably safe condition, and its obligation in this respect is not lessened by the peculiarities of the location or the extent of the use.

2. Even where a sidewalk has been constructed in a city by a private person, the corporation must use reasonable care to keep it in a reasonably safe condition, and for neglect of duty in that regard it will be liable for an injury thereby caused to one using ordinary care while passing over such walk.

3. SAME—*injury from defective sidewalk—ordinary care—knowledge of the condition of the walk.* Although a person passing along a sidewalk may know that the walk is out of repair, the law will not require him to go out into the street and pass around the walk, but he may, notwithstanding such knowledge, recover for a personal injury occasioned by the defective walk, if he uses ordinary and reasonable care.

4. However, the plaintiff's knowledge of the defective condition of a sidewalk over which he attempts to pass, and from which he receives an injury, is one of the circumstances to be considered by the jury in determining whether he was, at the time of the accident, in the exercise of ordinary care.

5. PRACTICE—*response to special question—directing the jury to the contrary.* In an action against a city for personal injury caused by a defective sidewalk, the trial court refused an instruction asked by the defendant, to the effect that the plaintiff would be precluded from a recovery if she went upon the sidewalk or continued her walk thereon after she had observed that it was out of repair. The jury found, in response to a special interrogatory, that she did not, before she received the injury, and about the time of the accident, have notice or know of the defective condition of the walk : *Held,* that under the finding there was no error in the refusal of the instruction.

6. EXECUTION—*against a municipal corporation.* Execution can not be lawfully awarded against the property of a city, and when so ordered, that part of the judgment will be reversed.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Clay county; the Hon: C. C. BOGGS, Judge, presiding.

Messrs. COPE & BURTON, for the appellant:

A party who voluntarily runs the risk of an obvious danger can not be heard to complain of an injury he thus brings upon himself.

A city is not compelled to assume jurisdiction over a street, and its liability begins only when it does assume control.

A person walking in the suburbs, who stumbles over a loose plank, has not the same grounds of complaint as he would if tripped by a similar defect in the business center of the city. *Chicago* v. *Martin,* 49 Ill. 241; *Aurora* v. *Pulfer,* 56 id. 270; *Quincy* v. *Barker,* 81 id. 307.

Mr. F. G. COCKRELL, and Mr. JACOB R. CREIGHTON, for the appellee:

A person may pass on a walk that is out of repair and still recover for an injury received while exercising care in proportion to the condition of the walk. *Lovenguth* v. *Bloomington,* 71 Ill. 238; *Bloomington* v. *Chamberlain,* 104 id. 268; *Ellis* v. *Peru,* 23 Bradw. 35; *City of Joliet* v. *Conway,* 17 id. 276; *Aurora* v. *Dale,* 90 Ill. 46; *Aurora* v. *Hillman,* id. 61.

The town was at fault in the first instance, in allowing the walk to be built out of old, refuse material. (*Alexander* v. *Mt. Sterling,* 71 Ill. 366.) And permitting it to remain without repair from 1882 until 1886 was gross negligence.

The fact that it was laid by a private individual would not relieve the city from the responsibility of keeping the walk in a safe condition for pedestrians. *Champaign* v. *McInnis,* 26 Bradw. 338.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an appeal from the judgment of the Appellate Court affirming a judgment of the Circuit Court of Clay County except in the respect hereinafter named. The action was brought by appellee against appellant to recover damages for a personal injury caused by a defective sidewalk. The trial was before a jury, and the verdict was for $1500.00. The declaration charged the city with negligence in permitting the sidewalk to be out of repair, by reason whereof the plaintiff, while walking thereon, was seriously injured.

The errors assigned are upon the refusal of certain instructions asked by the defendant. The first of such instructions stated that the plaintiff would be precluded from a recovery, if she went upon the sidewalk or continued her walk thereon after she had observed that it was out of repair. Upon the question of fact whether the plaintiff had previous notice of the defect in the sidewalk, the following special interrogatory was submitted to the jury: "Did the plaintiff before she got hurt, and about the time of her injury, have notice, or know of the defective condition of the walk, from which the injury resulted?" to which the jury answered "No."

But if the plaintiff knew that the sidewalk was out of repair, the law did not require her to go out into the street and pass around the walk. Although a person goes upon a sidewalk knowing it to be out of repair, recovery may he had for an injury received, if ordinary and reasonable care has been used. The plaintiff's knowledge as to the condition of the sidewalk is one of the circumstances to be considered by the jury in determining whether there has been the exercise of ordinary care. (*City of Bloomington* v. *Chamberlain,* 104 Ill. 268; *City of Aurora* v. *Hillman,* 90 id. 61; *City of Joliet* v. *Conway,* 17 Bradw. 577.) By the instructions which were given by the court, the plaintiff was required to show that, at the time of the accident, she was using ordinary care for her own safety

and to avoid injury. Hence, it was not error to refuse the first of the instructions whose refusal is complained of.

The foregoing observations dispose of the criticisms made upon the refusal to give the second and sixth of the refused instructions.

The third of the refused instructions announced the proposition, that the duty of the city to keep the sidewalk in repair would depend upon the location of the sidewalk, and the frequency or infrequency of its use by the public. The proof, to which this instruction was intended to be applicable, showed that the sidewalk was located in the suburbs of the city, and, for that reason, was not so much in use as the sidewalks in the more frequented streets. Inasmuch, however, as the sidewalk in question was within the corporate limits of the city, it was the duty of the municipal authorities to keep it in a reasonably safe condition, and, to that end, they were bound to exercise ordinary care and prudence. Their obligations in this regard were not lessened or changed by the peculiarities of the location or the extent of the use. (*Village of Mansfield* v. *Moore*, 124 Ill. 133.) The proof tends to show that the sidewalk was built in 1882 out of old lumber taken from another walk, and that it had not been repaired during the four years between its original construction and the happening of the present accident on August 8, 1886. The jury found, in answer to a special interrogatory, that the city had notice of its defective condition. There was, consequently, no error in refusing the third of the refused instructions.

The view here expressed is not opposed to the doctrine laid down in *City of Chicago* v. *Martin*, 49 Ill. 241. In that case, it was held, that, if a city could be held liable in any case for exemplary or punitive damages by reason of gross negligence in not keeping a street in repair, such liability would exist where the street was in a populous part of the city rather than where the street was in the outskirts. The *Martin* case, however, does not hold that a city is not under obligations to

exercise ordinary care to keep all the sidewalks within its limits in a reasonably safe condition.

The fact, referred to in one of the refused instructions, that the walk in question was constructed by a private party makes no difference in the liability of the city under the facts of this case. Even where a sidewalk in a city is laid by a private person, the corporation must use reasonable care to keep it in a reasonably safe condition. (*The City of Champaign* v. *McInnis*, 26 Bradw. 338.) The proof tends to show that the sidewalk was originally built by one Adams out of old lumber that was given to him for that purpose by the city council, and that his use of such lumber for the construction of the sidewalk was known to the city and assented to by the city.

The judgment of the Circuit Court ordered that execution issue for the amount of the judgment and costs. This was erroneous. Execution cannot be lawfully issued against the property of a city. (*City of Morrison* v. *Hinkson*, 87 Ill. 587.) The Appellate Court very properly reversed the judgment of the Circuit Court in so far as it directed the issuance of the execution against the city, and affirmed it in all other respects.

We perceive no error in the record. The judgment of the Appellate Court is affirmed.