## The City of Mt. Carmel v. James Blackburn.

1. CITIES AND VILLAGES—*Defective Sidewalks—Knowledge of Condition.*—If a person knows a sidewalk is out of repair, the law does not require him to go out in the street and pass around it; he may recover if he has used ordinary and reasonable care. His knowledge of its condition is a circumstance to be considered by the jury in determining whether reasonable care was used.

2. SAME—*Not Material Who Constructed the Walk.*—It is not material who places a walk in position, if it is within the city it is the duty of the municipal authorities to use ordinary care and prudence to keep it in a reasonably safe condition.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Wabash County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

The opinion states the case.

GEO. P. RAMSEY, attorney for appellant.

MUNDY & ORGAN, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit was brought to recover damages, resulting from injuries to appellee, averred to have been caused by appellant's negligence in permitting a sidewalk to be and remain in bad and unsafe repair and condition, and the planks therein broken, decayed and unfastened. By reason of this bad and unsafe condition of this sidewalk, it is averred that appellee while passing along and upon the same, in the exercise of due care and caution for his personal safety, necessarily and unavoidably tripped and stumbled upon and against the broken and unfastened planks of said walk, and was thereby thrown and fell to and upon the sidewalk and ground, thus causing the serious injuries described in the declaration.

The jury found appellant guilty and assessed appellee's damages at $800, for which amount and costs judgment was entered and appellant took this appeal.

The defective and unsafe repair and condition of the sidewalk, with decayed and unfastened planks therein, was shown by the evidence, and the proof justified the jury in finding that appellee, by reason of such unsafe and defective condition, unavoidably slipped and fell, and was injured as averred while using due care for his personal safety. The walk in question was a piece of old wooden sidewalk that had been taken up to give place to a brick walk built by the city on the north side of Third street to the west side of a ditch which was in Pear street, a street intersecting Third street. This piece of sidewalk was about fourteen feet long, made of stringers and boards three or four feet long nailed thereon. One end of it was placed by some one on the top of the brick walk at the west side of the ditch, the other end rested upon the ground at the east side of it. This walk was the only means afforded the public to pass over the ditch; it was not fastened at either end, and had thus remained during several months before the accident.

The appellee testified he was walking east on Third street toward his home; stepped up on this wooden piece of walk;

had got to about the middle of it, when two loose boards slipped from under his feet; the stringers were broken; that he slipped with both feet and struck on his back; he described his injuries which resulted from the fall, and they were very serious and painful; his physician corroborated him as to their character and extent. He also testified the nails in the walk were old, rotten and had left the planks loose; that the under part of the walk had rotted; that he knew it was a bad walk, but did not know anything was broken until the accident. On being recalled he said, before that time, by careful walking he had crossed there, and that when injured he used the necessary care "if it was like it was before." Counsel for appellant claim this testimony indicates the defect was recent, hence it is not to be presumed the city had constructive notice. This contention is not tenable. The defective, rotten and broken condition of the stringer, nails and planks in the walk was proximate cause of the slipping out of part of the walk, and of the accident, and the evidence justified the conclusion, such condition had so long existed that the municipal authorities in the exercise of the diligence imposed upon them by law, ought to have discovered it, and remedied the defects.

It is next insisted appellee went upon this walk knowing it to be unsafe, thus negligently exposing himself to danger and barring his recovery. He testified he knew the walk was bad, but did not know the planks were loose; that by using care he had crossed in safety, and was exercising like care in attempting to cross at the time of the accident.

If the plaintiff knew the sidewalk was out of repair, the law did not require him to go out in the street and pass around it, but recovery may still be had if he used ordinary and reasonable care. His knowledge of its condition is a circumstance to be considered by the jury in determining whether reasonable care was used. City of Flora v. Naney, 136 Ill. 45. Nor is it material that the city did not place the sidewalk where it was. It was within the city, and it was the duty of the municipal authorities to use ordinary care and prudence to keep it in a reasonably safe condition.

Ibid., and cases there cited. We think the instructions given for defendant, fairly and fully informed the jury as to the law under which it could maintain its defense, and refusing to give the refused instructions is not reversible error. We perceive no objection to the instructions given for plaintiff. The damages assessed seem to us not more than a fair compensation for the pain, suffering and bodily injury to plaintiff shown by the evidence, aside from any permanent injury he may have received.

In our opinion the judgment is right and is affirmed.