## THE CITY OF STREATOR
### *v.*
## EMILY CHRISMAN.

*Opinion filed October 19, 1899.*

1. MUNICIPAL CORPORATIONS—*knowledge of defective walk by injured party does not necessarily bar recovery.* A recovery for a personal injury sustained upon a defective sidewalk by one who was in the exercise of ordinary and reasonable care is not necessarily defeated because of his knowledge that the walk was out of repair.

2. NEGLIGENCE—*whether party exercised due care in using sidewalk is a question of fact.* Whether due care was exercised in using a sidewalk by one who knew it to be out of repair is a question of fact.

*City of Streator* v. *Chrisman*, 82 Ill. App. 24, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

CHARLES H. EGBERT, for appellant.

H. H. DICUS, and MCDOUGALL & CHAPMAN, for appellee.

Per CURIAM: In deciding this case the Appellate Court delivered the following opinion:

"Appellee, while walking along a street of the city of Streator towards her home, about ten o'clock at night, on August 7, 1897, was tripped by a loose board in a sidewalk, which was stepped upon by a companion with whom she was walking, and thrown down, receiving injuries to her back, shoulder and hand, for which she sued the city and recovered a verdict for $1000. A judgment was entered by the court for that amount, and the city appealed therefrom to this court.

"It was shown by the evidence, and is not questioned, that the boards in the sidewalk were loose at the time and place in question, and that appellee, by reason of such defect in the walk, received a fall and suffered certain injuries. It was contended, however, that the defect had not existed for such a length of time, nor was it of such a nature, as to charge notice thereof upon the city, and most of the evidence in the case was introduced upon that question. Four witnesses, including appellee, swore positively that they passed over the walk frequently, and that the boards were loose for from two to four weeks prior to the accident. On the other hand, some eight witnesses introduced on the part of appellant testified that they had used the walk often during said time and never noticed any loose boards, and one other witness for appellant said he noticed the loose boards on the day

of the accident, but not before. None of them, however, would swear positively there were no loose boards before that time, though the section foreman who had charge of the railroad crossing at the place where the accident occurred, testified that he examined the walk in question a week before the accident and could then discover no loose boards. While the evidence is not conclusive, we think it sufficient to justify the jury in finding that the defect had existed for a sufficient length of time, and was of such a nature, that the city could, in the exercise of reasonable diligence, have ascertained the existence of the defect and repaired it.

"It is contended that appellee knew of the defect in the walk, and was therefore guilty of contributory negligence in going upon it. Although a person passing along a sidewalk may know it is out of repair, he may, notwithstanding such knowledge, recover for a personal injury occasioned by the defective walk if he uses ordinary and reasonable care. (*City of Flora* v. *Naney*, 136 Ill. 45.) Whether due care was exercised in using a sidewalk knowing it to be out of repair is a question of fact for the jury. *Village of Cullom* v. *Justice*, 161 Ill. 372.

"The instructions given on both sides fairly presented the law governing the case to the jury. We cannot say that their verdict was clearly unwarranted by the evidence, and we are therefore not disposed to disturb it.

"We would have been better satisfied had the damages been assessed by the jury at a smaller amount, but they are not sufficiently large to warrant a reversal on that account alone, and the judgment of the court below will be affirmed."

We concur in the foregoing views expressed by the Appellate Court and in the conclusion reached by it. Accordingly, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*