## City of Fulton v. Sarah Green.

1. SIDEWALKS—*Knowledge of Person Using.*—Notwithstanding the fact that a person has knowledge that a sidewalk is out of repair, he still has the right to travel upon it, if, in so doing, and under all the circumstances, he exercises the care of a reasonably prudent person. And a person so using a sidewalk, although known to him to be defective, may recover for injuries received thereon.

Action on the Case, for personal injuries. Appeal from the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

C. C. McMAHON, attorney for appellant.

H. C. WARD and E. M. BLODGETT, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This was a suit by Mrs. Sarah Green against the city of Fulton to recover compensation for injuries received from falling on a defective sidewalk. The plaintiff recovered a verdict for $500. By requirement of the trial judge she remitted $100 and judgment was rendered in her favor for $400. The defendant appeals.

The plaintiff and her husband were going home from church, by the usual and most direct route, about nine o'clock at night, upon the only sidewalk on the street. The walk was of wood and one of the boards or plank tipped up. Plaintiff caught her foot under it, fell and was injured.

Plaintiff's proof tended to show the stringers were rotten and several of the boards or planks loose and that the walk had been out of repair for a considerable length of time and that the street commissioner and one alderman had been notified of its defective condition and that no steps had been taken to repair it. There was proof to the contrary upon all of these questions.

The questions whether the walk was out of repair, whether the city through its officials had actual notice thereof, and

Fulton v. Green.

whether the walk had been out of repair a sufficient length of time to charge the city with constructive notice, were all questions of fact for the determination of the jury.

The plaintiff was walking in the usual and ordinary manner and we find no proof in the record authorizing us to infer want of due care upon her part.

It is urged that the plaintiff had many physical ailments before this injury. Undoubtedly this is true. But that would not bar her right of recovery. Sidewalks are made for those in ill as well as good health. A woman in feeble health has equal rights thereon with an athlete. Moreover a person in the weakened condition of the plaintiff would be more likely to suffer from a fall than would a person in strong physical condition.

It is urged that the judgment should be reversed and the plaintiff denied the right of recovery because she was accustomed to pass over the walk in question, and must in consequence thereof have been acquainted with its condition. We can not give our assent to this contention. Notwithstanding the fact that a person has knowledge that a sidewalk is out of repair, he still has the right to travel upon it, if, in so doing, and under all the circumstances, he exercises the care of a reasonably prudent person. And a person so using a sidewalk, although known to him to be defective, may recover for injuries received thereon. City of Savanna v. Trusty, 98 Ill. App. 277; City of Streator v. Chrisman, 182 Ill. 215.

The testimony is conflicting. It was the special province of the jury to determine the facts. We would not be warranted in disturbing the conclusions reached by the jury. The damages awarded are not excessive. The record is free from error. The judgment of the Circuit Court will be affirmed.