## City of Mattoon v. C. F. Faller.

1. CONTINUANCE—*when action of court in refusing, will not be reviewed.* The action of the court in denying a motion for a continuance will not be reviewed where the affidavit filed in support thereof and the action of the court in overruling such motion and an exception thereto are not preserved in the bill of exceptions.

2. CONTRIBUTORY NEGLIGENCE—*what not, as a matter of law.* It is not, as a matter of law, contributory negligence for a person to walk upon a sidewalk which he knows is out of repair.

3. Verdict—*when, not excessive.* A verdict for $1,000 is not excessive where the evidence tends to show that the plaintiff sustained an oblique fracture of the femur and a serious and probable permanent injury to his hip joint and where the evidence further tends to show that he was confined to his bed for about four months, was obliged to incur considerable expense for medical and surgical treatment and had not up to the time of his trial, occurring a period of about eight months after his injury, sufficiently recovered to pursue his occupation as a carpenter.

Action on the case for personal injuries. Appeal from the Circuit Court of Coles County; the Hon. J. W. Craig, Sr., Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed November 18, 1904.

Anderson Stewart, City Attorney, and Bryan H. Tivnen, for appellant.

Craig & Kinzel, for appellee.

Mr. Presiding Justice Baume delivered the opinion of the court.

Appellee recovered a verdict and judgment against appellant for $1,000 as damages for a personal injury received by him in a fall occasioned by an alleged defective sidewalk. Upon the trial, at the close of plaintiff's evidence and again at the close of all the evidence, defendant tendered to the court peremptory instructions to be given to the jury, which instructions the court refused to give. It is urged there was error in the refusal of the court to grant a continuance of the cause because of the absence of a material witness. Neither the motion for a continuance, the affidavit filed in support thereof, nor the action of the court in overruling such motion and exception thereto are preserved in the bill of exceptions, and we are therefore precluded from considering that assignment of error. Bromwell v. Estate of Bromwell, 139 Ill. 424.

In the forenoon of February 16, 1903, appellee, who had been working several blocks distant in a southeasterly direction from his residence, at the southeast corner of Moultrie avenue and Twentieth street in the city of Mattoon, was walking homeward in the ordinary course of

travel.   Upon reaching the northeast corner of Champaign avenue and Twentieth street, one block south of his residence, he turned northward on the east side of Twentieth street.   It is conceded that the sidewalk on the east side of Twentieth street, except at the intersection of an alley, was in a dilapidated and unsafe condition and had so existed for a considerable length of time.   Appellee sustained the injury complained of, in a fall upon the sidewalk in question, at the south line of the alley running east and west through the block.   No witness other than appellee was present at the time of his injury and he testified with reference thereto, as follows:  "As I came up, or just as I came to the intersection of the alley there were three or four stringers there; there were two planks out, that is next to the crossing, and I stepped on a loose plank this side of it and I lost my balance and I made a long step to catch myself; with the other foot I caught under it and fell on the sidewalk, and it was done so quickly I could not explain to you how I fell, angling across the three 2x4."   At the time of his injury appellee was carrying upon his shoulder, a box containing a small kit of carpenter's tools, weighing ten to twelve pounds.   The evidence tends to show that the sidewalk on the west side of Twentieth street was constructed of concrete and was in good condition, but that the street crossing from the southwest to the southeast corner of Moultrie avenue and Twentieth street was out of repair. If appellant had traveled north upon the concrete walk on the west side of Twentieth street, he would have been obliged, in order to reach his residence, to recross said street upon the street crossing last mentioned.

It is insisted by appellant that as appellee had knowledge that the walk on the east side of Twentieth street was out of repair, he must as a matter of law be held to have been guilty of contributory negligence in walking upon it. Whether appellee was guilty of contributory negligence in walking upon the sidewalk with knowledge that it was out of repair, was a question of fact for the jury and not a question of law for the court.   City of Streator v. Chris-

man, 182 Ill. 215. Appellee having knowledge that the sidewalk was out of repair, was bound, when walking upon it, to exercise a degree of care for his own safety, commensurate with such knowledge and with the danger involved. Ordinary care in this case, was the degree of care appellee was so bound to exercise, and whether he exercised such ordinary care was a question of fact for the jury. We are not disposed to say the finding of the jury upon that issue in this case, is not supported by the evidence.

It is contended that the court erred in giving, refusing and modifying instructions. Appellant requested the court to give to the jury forty-four instructions upon the law applicable to the case. Some of these are good, others bad, and very many are mere repetitions of those good and bad. The court very liberally, we think, gave to the jury seventeen instructions out of the forty-four asked. The questions of law involved in the case proper to be brought to the attention of the jury by appellant could have been presented in, not to exceed, ten instructions. The preparation and submission on behalf of appellant of forty-four instructions in this case, involved not only needless labor upon the part of counsel, but was an imposition upon the trial court. All the refused instructions were properly refused as being covered by others given or as being inaccurate statements of the law. The second and fifth instructions given at the request of appellee are not to be approved, but in view of the conceded fact that the sidewalk in question was out of repair and dangerous, and in view of the evidence tending to show that appellant had both actual and constructive notice of its condition in that regard, we are unable to see how the jury could have been misled. Considering the instructions given as a series, the jury were fully and fairly advised by the court as to the law applicable to the case. The damages awarded appellee are not excessive. He sustained an oblique fracture of the femur and a serious and probably permanent injury to the hip joint; he was confined to his bed for four months and was obliged to incur considerable expense for medical and surgical treat-

ment; he had not up to the time of the trial in October, 1903, recovered sufficiently to pursue his trade as a carpenter.

The purported abstract of the record in this case does not conform to the rules of this court, either in the manner of its preparation or matter of its contents, and appellee's motion to tax the cost of the additional abstract to appellant will be allowed.

The judgment of the Circuit Court is affirmed.

*Affirmed.*