## Daniel Wicker, Appellee, v. City of Alton, Appellant.

1. EVIDENCE—*when question improper as calling for the conclusion of a witness.* A question as follows is subject to the objection that it calls for the conclusion of a witness and invades the province of the jury: "By walking along in the center of the sidewalk after it was repaired, now was there any danger."

2. APPEALS AND ERRORS—*when assignment of error deemed waived.* An assignment of error not argued is deemed waived.

3. INSTRUCTIONS—*should not invade province of jury.* Held proper to modify the following instructions by striking therefrom the italicized words:

"The court instructs the jury that if you believe from the evidence that the plaintiff was familiar with the sidewalk in question and knew its condition, and you further believe from the evidence that at the time he claims he was injured, he was not exercising due care and caution for his own safety, *such as looking where he was stepping*, then he was guilty of contributory negligence, and the jury will find for the defendant."

4. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

5. EXECUTION—*when should not be awarded.* An execution should not be awarded against a city.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

JOHN F. McGINNIS, for appellant.

JOHN J. BRENHOLT, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, by appellee against appellant, in the Circuit Court of Madison county, to recover for a personal injury resulting from a fall upon a dangerous sidewalk, along one of the public streets of appellant. Trial by jury. Verdict and judgment in favor of appellee for $250.

Counsel says, "the errors complained of are: The court allowed improper testimony on the part of appellee; the court refused proper evidence offered on the part of appellant; the court erred in giving appellee's first instruction, and in refusing appellant's fifth instruction; the court erred in refusing to direct a verdict in favor of appellant at the close of all the evidence; the court erred in denying appellant's motion for a new trial, and the court erred in ordering execution to issue against appellant."

It is no where pointed out in appellant's brief or argument wherein the court allowed any improper testimony on behalf of appellee, and therefore we must treat this assignment of error as abandoned.

The only ruling of the court as to the admission of evidence offered on behalf of appellant of which complaint is made is with respect to a question asked by counsel for appellant as follows: "By walking along in the center of the sidewalk after it is repaired, now was there any danger." This question was objected to and the court sustained the objection. In support of his contention that the court's ruling was erroneous, counsel here says: "This certainly was a proper question to ask—by walking in the center of the sidewalk—he certainly ought to have been permitted to answer whether it was dangerous or not." The question did not call for any evidentiary fact, but for the mere conclusion of the witness as to a material issue in the case. Whether the sidewalk was dangerous or

not was for the jury to determine from all the evidence bearing upon its situation and condition. The subject-matter of inquiry as disclosed in the record, was not one that could be enlightened by opinion evidence as to the ultimate fact.

No attempt is made by counsel to point out any defect or vice in appellee's first instruction and this assignment will also be treated as abandoned.

Appellant's fifth instruction, which the court refused to give as asked was as follows:

"The court instructs the jury that if you believe from the evidence that the plaintiff was familiar with the sidewalk in question and knew its condition, and you further believe from the evidence that at the time he claims he was injured, he was not exercising due care and caution for his own safety, *such as looking where he was stepping*, then he was guilty of contributory negligence, and the jury will find for the defendant."

The court modified this instruction by striking out the words, *"such as looking where he was stepping,"* and gave it as modified. In this the court did not err. Whether under the facts of this case, it was appellee's duty to *"look where he was stepping"* was a question of fact for the jury and not a question of law for the court. It was his legal duty to exercise such care and caution for his own safety as a reasonably prudent and cautious person would exercise under the same or similar circumstances, but what particular acts of care and caution he should have exercised cannot under the facts of this case, be stated as matter of law.

With respect to appellant's contentions that the court should have directed a verdict in favor of appellant, or at least should have set aside the verdict returned by the jury in favor of appellee and granted a new trial, we deem it sufficient to say that in our judgment the verdict is neither without evidence to support it nor is it manifestly against the weight of the evidence.

The judgment as entered is erroneous in that it awards execution against appellant, but in as much as no material error preceded the entering of the judgment, that error can and should be corrected here, and it is ordered and adjudged by the court that the judgment rendered and entered in this cause in the Circuit Court of Madison county, from which the appeal herein is prosecuted, be and the same is corrected by striking out the words "and have execution therefor"; and it is ordered that the clerk of the Circuit Court of Madison county so amend the record of said judgment, and that the clerk of this court certify the foregoing order and judgment of this court to the clerk of the Circuit Court of Madison county.

The judgment of the Circuit Court as above corrected is affirmed.

*Affirmed.*