### Sarah Williams, Appellee, v. City of Granite City, Appellant.

1. CONTRIBUTORY NEGLIGENCE—*when not, as a matter of law, to drive upon street containing obstructions.* It is not contributory negligence, as a matter of law, to drive upon a street in the night time knowing that obstructions existed in said street.

2. VERDICT—*when not excessive.* A verdict for $2,250 rendered in an action for personal injuries held not excessive.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

M. R. SULLIVAN and F. C. SHARP, for appellant; WARNOCK, WILLIAMSON and BURROUGHS, of counsel.

J. M. BANDY and KEEFE & SULLIVAN, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action in case brought by appellee against appellant to recover damages for injuries received in the overturning of a vehicle, while driving along one of the public streets of appellant. The declaration is in one count and alleges: that on the eighteenth day of February, 1907, defendant was in possession of a certain public street, called "Niedringhaus Avenue," in Granite City, Illinois, and ought to have used reasonable care to have kept same in reasonably good and safe condition; alleges that on the eighteenth day of February defendant wrongfully permitted said street to be and remain in an unsafe condition for travel; alleges that on the south side of said street, between A and B streets, defendant permitted a large pile of brick to remain for several weeks; that defendant had notice of said pile of brick being on said public highway, or could have known it, by the exercise of ordinary care, in time to have removed the same before the injury; that the plaintiff, on the evening of the eighteenth of February, 1907, was driving with a horse and buggy on said street, and while exercising due care and caution for her own safety, she ran upon said pile of brick; that the buggy was overthrown and plaintiff was thrown out upon the brick pavement; alleges that plaintiff's head, body and limb became injured, and that she became sick, lame and permanently injured, etc., claiming $5,000 damages. The defendant pleaded not guilty, and a trial by jury resulted in a verdict for plaintiff, with damages assessed at $2,250. Motion for new trial was overruled and judgment rendered on the verdict, from which the defendant appealed. At the close of the evidence offered by the plaintiff and again at the close of all the evidence the defendant moved for an instruction to find for the defendant. The court denied the motion and refused the instruction.

Appellant's contentions will be considered in the order presented by argument. Under the evidence appearing of record it was for the jury to say whether or

not the plaintiff was in the exercise of due care for her own safety before and at the time of the injury. The fact that she had previously and frequently driven along the street in daylight, and had observed the pile of brick, and knew its location, would not necessarily, and as a matter of law, impute to her a lack of due care at the time of the accident or injury. That the pile of brick was a dangerous obstruction clearly appears. The plaintiff was driving along the street in the night-time and unless there was sufficient light to see the obstruction (and of this there was conflict of evidence to say the least), the plaintiff may not be held, as matter of law, to have been negligent in driving upon or against the obstruction. Streator v. Chrisman, 182 Ill. 215; Veach v. City of Champaign, 113 App. 151. The knowledge of an obstruction which will bar recovery in a case of this kind is knowledge at the time and place when the injury occurred. Evidence of prior knowledge and familiarity with dangerous conditions, is competent as tending to prove actual knowledge at the time which, in a cautious and prudent person in the exercise of ordinary care, would require them to avoid the injury. There was testimony that the pile of brick was obscured in darkness, that there was no light in the street at that place and no guards or warning signal of any kind to indicate the obstruction. True there is other evidence in the case which, if believed by the jury, would have warranted a different verdict, but that only points the proposition that the question was one of fact for the jury. There is no doubt at all that it was the duty of the plaintiff to be careful of her own safety in driving along the street in question and to avoid known obstructions and conditions likely to cause injury. The decisions of our higher courts are all in harmony upon this proposition, and they are likewise harmonious in holding that the question of negligence is always a question of fact for the jury, unless from the evidence produced the court is able to say, that all reasonable minds would agree in a differ-

ent conclusion.   The evidence in this record would not warrant such determination.   Complaint is made of the second and fourth of the plaintiff's given instructions. It is insisted that they each call for a finding without submitting all the issues of fact necessary to justify a verdict; the contention being that the question of injury and the cause thereof are omitted.   The instructions are not subject to the objection that is made because they embody all the facts that were in issue. There is no evidence in the record to contradict the plaintiff's proof that she was thrown out of the overturned carriage and injured by reason of the wheel striking the pile of brick.   These are not disputed facts and the instructions contained all the elements and questions upon which to call for an ultimate finding.   The defendant was in no wise prejudiced by the instructions.   City of Salem v. Webster, 192 Ill. 369. We would be better satisfied had the verdict been less, but we cannot say that the sum allowed is manifestly in excess of the injury sustained, or, considered in connection with all that appears of record, that it is not the result of a fair and impartial trial.   The judgment of the Circuit Court is affirmed.

*Affirmed.*