William Franklin, Plaintiff-Appellee, v. City of Edwardsville, Defendant-Appellant.

Term No. 54–O–15.

Fourth District.

February 1, 1955.

Released for publication March 3, 1955.

F. Ritchie Gibbons, and Eldon M. Durr, both of Edwardsville, for appellant.

Burroughs, Simpson & Burroughs, of Edwardsville, for appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

The plaintiff, William Franklin, suffered a fall while walking along and upon a defective sidewalk in the

City of Edwardsville. He received injuries for which he obtained a verdict and judgment against the city.

The undisputed facts are that plaintiff, who had only one leg and used two crutches in walking, usually took his meals at a restaurant near his home. There was a concrete sidewalk along the street, and near the restaurant at a driveway, vehicles crossing the walk had caused the concrete to become cracked and broken. This condition had existed for some three years.

It was plaintiff's custom to leave his residence by an east door and proceed along the edge of the street, to a graveled approach to the restaurant. On the morning in question, in daylight, he had varied from his custom, and left the house by a west door. He then, for the first time, walked along the sidewalk. While traversing the broken area, he placed a crutch on a chunk of concrete which tipped under his weight, throwing his crutch out, thus causing him to fall and be injured.

The sole ground for reversal of the judgment, presented by defendant on this appeal, is that plaintiff should be found guilty of contributory negligence as a matter of law. It is argued that the defective condition was plainly visible and if plaintiff did not look and see it, he is guilty of negligence for that reason, while if he did look and see the condition, he was negligent in failing to go around by a safer route.

There are many decisions on the use of defective sidewalks, and they do not support the position taken by defendant. Although a fall caused by tipping of a piece of concrete is probably unusual, falls caused by the tipping of loose boards were common in the days of wooden sidewalks. Numerous cases came before courts of review in which it was urged that a pedestrian using a visibly defective sidewalk was guilty of negligence as a matter of law. Some of them are: City of Aurora v. Hillman, 90 Ill. 61; City of Bloomington

v. Chamberlain, 104 Ill. 268; City of Sandwich v. Dolan, 141 Ill. 430; Village of Cullom v. Justice, 161 Ill. 372; City of Streator v. Chrisman, 182 Ill. 215; City of Mattoon v. Faller, 217 Ill. 273; Wallace v. City of Farmington, 231 Ill. 232; City of Fulton v. Green, 103 Ill. App. 96; Wicker v. City of Alton, 140 Ill. App. 135; Horaburda v. City of Chicago, 154 Ill. App. 627; Van Hoorebecke v. Iowa Illinois Gas & Electric Co., 324 Ill. App. 88, 99.

■■■■ The principle of law settled by these and other cases may be summarized thus: It is not negligence per se to use a defective walk instead of seeking a safer path around it; and plaintiff's knowledge of the defective condition is a circumstance to be considered by the jury in determining whether he used ordinary care; the test remains whether the pedestrian used ordinary care, and his knowledge of defects does not bar the right of recovery if he did use ordinary and reasonable care.

Defendant contends this principle has been abandoned by later decisions, and cites in particular, Donnelly v. Real Estate Management Corp., 342 Ill. App. 453; and Ritgers v. City of Gillespie, 350 Ill. App. 485. In the Donnelly case it was undisputed that the plaintiff had walked into an open elevator shaft in a sidewalk, which was in plain sight but she had not seen it because she was looking elsewhere. In our opinion the act of walking into an open pit through failure to look is not comparable to the ordinary act of picking one's way on a defective but passable sidewalk.

The Ritgers case involved a fall on an icy walk. The plaintiff testified she saw that the place ahead of her was "very icy and very thick" but she chose to risk slipping and did slip. While this may be closer to the point, it may be doubted that the visible risks are comparable. Upon a broken concrete walk, the risk of tripping or of catching a crutch in a crevice between

pieces may be plainly visible, but the movability of a heavy piece of concrete may not be foreseeable at all. It was the latter condition rather than the obvious dangers, which caused plaintiff to fall, and it does not necessarily follow that he was injured through failure to heed visible dangers.

■ The defendant's request for a judgment contrary to the verdict of the jury presents only the question whether the evidence and the reasonable inferences therefrom, taken in the aspect most favorable to plaintiff, tend to support the verdict. Van Hoorebecke v. Iowa Illinois Gas & Electric Co., 324 Ill. App. 88, 91; Donnelly v. Pennsylvania R. Co., 342 Ill. App. 556.

This plaintiff testified that he had habitually walked along the street, but this was not because of the condition of the sidewalk. He had not previously paid any particular attention to the sidewalk, but had noticed that other people used it safely, he had never seen anyone fall, and since everybody else used the walk, he thought it was safe for him also. He stated that he put his crutch on "a big chunk" and that it had looked solid.

■ In our opinion the evidence presented a question properly submitted to the jury, whether under the visible conditions the plaintiff had used ordinary care, and the court was right in refusing to direct a verdict or enter a judgment to the contrary.

■ Appellee also raised a point that the abstract in this case did not contain any of the jurisdictional features of the record, but consisted only of an abstract of the testimony. While it is not necessary to consider this point, it is commented upon for the information of attorneys.

■ The courts of review of this State have been concerned with the mounting costs of appeals; accordingly Rule 6 of the Uniform Rules of Appellate Courts

was designed to eliminate unnecessary expense. In a proper case, the rule permits the waiving of an abstract. When one is furnished, it is possible that the court might be interested in features of the case not involved on the appeal, but the only requirement in the rule is: "The abstract need only be sufficient to present fully every error relied upon." This appellant presented only one point for consideration, and nothing in the record had any bearing upon the decision of that point except the evidence. The evidence was fully abstracted and this was sufficient to comply with the present rule.

The judgment on the verdict is affirmed.

Judgment affirmed.

CULBERTSON, P. J. and BARDENS, J., concur.